**ENSLEY et al. v. DONNELLY, Collector of Internal Revenue.**

**Civ. A. 2483.**

United States District Court
E. D. Louisiana, New Orleans Division.

Dec. 15, 1950.

---

**2.** Louisville & N. R. Co. v. Grant, 234 Ky. 276, 285, 27 S.W.2d 980; Gourley v. Chicago, etc. R. Co., 295 Ill.App. 160, 14 N.E.2d 842.

---

Stafford & Pitts, Alexandria, La., for plaintiff.

Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La., for defendant.

CHRISTENBERRY, Chief Judge.

### Findings of Fact

In the complaint, the plaintiffs seek to recover $1,419.16, with interest. It is alleged that the amount represents an overpayment of Federal estate tax and interest. The defendant timely filed an answer denying liability. Thereafter the plaintiffs filed their motion for judgment on the pleadings or for summary judgment. These motions were duly heard and were denied by the Court on September 21, 1950. Thereafter, the defendant filed his motion for judgment on the pleadings and the record, praying that plaintiffs' complaint be dismissed and that he have judgment for costs. This motion was duly heard on the pleadings and briefs of the parties and, on October 25, 1950, the Court granted the motion and now makes the following findings of fact:

### I

On April 20, 1946, a Federal estate tax return on Form 706 signed by George T. Ensley, son of the decedent, was filed, disclosing an estate tax liability of $4,819.48, which was paid on April 22, 1946. In Schedule "K", "Debts of the Decedent" of $12,500 was listed and taken as a deduction on account of notes due his son, George T. Ensley.

### II

After an audit was made of the estate tax return and after conferences were held with representatives of the decedent's estate, the Commissioner of Internal Revenue determined that there was an estate tax deficiency of $1,271.29. The deficiency plus interest was duly assessed and was paid on February 10, 1949, in the total sum of $1,419.16, the amount in suit.

### III

The tax deficiency described in the preceding paragraph resulted from the Commissioner's disallowance of $6,000 of the $12,500 claimed as a deduction in Schedule "K" of the estate tax return filed. The basis for the Commissioner's disallowance was that notes, to the extent of $6,000, issued by the decedent to his son, George T. Ensley, were gifts and were without "an adequate and full consideration in money or money's worth" as provided in Section 812(b) (5) of the Internal Revenue Code, 26 U.S.C.A. § 812(b) (5), and, therefore, were not deductible.

### IV

On February 28, 1949, the agent and attorney filed a claim for refund of the amount $1,419.16 on behalf of the estate of Thaddeus L. Ensley, deceased, and the claim was duly disallowed in full by the Commissioner on May 9, 1949. The complaint in this action was timely filed on June 20, 1949.

### V

The plaintiffs, who are residents of the State of Louisiana, are the widow and sole heirs of Thaddeus L. Ensley, who died a resident of that State in December 1945. Some years prior to his death Thaddeus L. Ensley instituted the custom of making annual donation of $500 in cash to his daughter, now Mrs. Ruth E. Thigpen, one of the plaintiffs here, and a note in the sum of $500 each year to his son, George T. Ensley.

The system followed with respect to these notes was that the first year the son received a note for $500; the second year he received a note for $1,000, and returned to his father the prior note in the amount of

$500; the third year he received a note for $1,500 and returned the prior note in the amount of $1,000, and so on, until at the time of his father's death the current note held by the son under this system was in the amount of $6,000.

## VI

There is no indication in the evidence in this case that the parties intended the transactions to be other than an annual gift of a note for sum of $500. There is no evidence whatever that the decedent ever gave the son any cash in connection with these transactions, or that he ever "borrowed" back from the son any part of the several gifts, or that he ever paid any interest on any "loan" in connection with these transactions. Plaintiffs do not contend that there were any such incidents connected with these transactions. They rest their case solely on the contention that the surrender each year by the son to the decedent of the prior note at the time he received the new note, which was always $500 greater than the prior one, was sufficient consideration to bring the current note held by the son within the deductible provisions of the estate tax statute.

## Conclusions of Law

### I

The applicable Section 812(b) (5) of the Internal Revenue Code permits a deduction from the gross estate of such amounts of claims against the estate as are allowed by the laws of the jurisdiction under which the estate is being administered, but it provides that claims founded upon a promise or agreement shall "be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth". This limitation is also contained in Treasury Regulations 105, Section 81.36, which provision has been in effect in this and prior Regulations for many years.

### II

The issue in this case is decided in accordance with the decision in the case of Taft v. Commissioner, 304 U.S. 351, at page 355, 58 S.Ct. 891, at page 894, 82 L.Ed. 1393, in which the Supreme Court traced the history of the applicable statute and stated: "The claims against the estate were not incurred or contracted for an adequate and full consideration in money or money's worth within the meaning of the statute. The terms used, the legislative history of the section, and the regulations interpreting it, require this conclusion. * * *"

### III

The Commissioner of Internal Revenue was correct in disallowing the deduction claimed to the extent of $6,000, and in assessing and collecting the taxes and interest involved in this action. The plaintiffs' complaint is dismissed and the defendant is granted judgment for his costs.